IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA LP, AKTIEBOLAGET DRACO, KBI INC. AND KBI-E INC., </br></br>Plaintiffs,</br></br>v.</br></br>MYLAN PHARMACEUTICALS INC.,</br></br>Defendant. | )</br>)</br>)</br>)</br>)   C.A. No. 08-453-GMS</br>)</br>)</br>)</br>)</br>)</br>) |

## ANSWER AND COUNTERCLAIMS

Defendant Mylan Pharmaceuticals Inc. ("Mylan") answers as follows:

1. Plaintiff AstraZeneca LP is a limited partnership organized and existing under the laws of the State of Delaware, and has its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19850-5437.

   **ANSWER:** Mylan lacks knowledge or information sufficient to form a belief about the truth of the averments of paragraph 1, and on that basis denies those averments.

2. Plaintiff Aktiebolaget Draco is a corporation organized and existing under the laws of Sweden and has its principal place of business at Lund, S-221 00, Sweden.

   **ANSWER:** Mylan lacks knowledge or information sufficient to form a belief about the truth of the averments of paragraph 2, and on that basis denies those averments.

3. Plaintiff KBI Inc. ("KBI") is a Delaware corporation having its principal place of business at Whitehouse Station, New Jersey.

   **ANSWER:** Mylan lacks knowledge or information sufficient to form a belief about the truth of the averments of paragraph 3, and on that basis denies those averments.

4. Plaintiff KBI-E Inc. ("KBI-E") is a Delaware corporation having its principal place of business at Wilmington, Delaware.

   **ANSWER:** Mylan lacks knowledge or information sufficient to form a belief about the truth of the averments of paragraph 4, and on that basis denies those averments.

5.  Upon information and belief, Defendant Mylan Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of West Virginia and has a principal place of business at 781 Chesnut Ridge Road, Morgantown, West Virginia, 26505. Mylan does business in the State of Delaware.

**ANSWER:** Mylan admits the averments in the first sentence of paragraph 5; and denies the averments in the second sentence of paragraph 5.

6.  This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, for infringement of United States Patent Nos. 6,423,340 ("the '340 patent") and 5,643,602 ("the '602 patent"). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Paragraph 6 contains legal conclusions to which no answer is required. To the extent an answer is required, Mylan admits that this action for alleged patent infringement purports to arise under the patent laws of the United States, Title 35 of the United States Code, for alleged infringement of United States Patent No. 6,423,340 ("the '340 patent") and United States Patent No. 5,643,602 ("the '602 patent"). Mylan admits the averments in the second sentence of paragraph 6; and denies the remaining averments of paragraph 6.

7.  Mylan is subject to personal jurisdiction in this judicial district by virtue of, *inter alia,* its having conducted business in Delaware, having availed itself of the rights and benefits of Delaware law, and having engaged in substantial and continuing contacts with the State. Upon information and belief, Mylan has previously availed itself of this forum for purposes of litigating its patent disputes. For example, in 2002, Mylan filed a patent infringement lawsuit in *Mylan Pharmaceuticals Inc. v. Kremers Development Company et al.,* C.A. No. 02-1628 (D. Del.). Mylan has also submitted to the jurisdiction of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction. Specifically, Mylan admitted jurisdiction (for the purpose of the litigation) and filed counterclaims in *Forest Laboratories, Inc., et al. v. Dr. Reddy's Laboratories, Inc., et al.,* C.A. No. 08-52 (D. Del.); *AstraZeneca Pharmaceuticals LP, et al. v. Mylan Pharmaceuticals, Inc.,* C.A. No. 07-805 (D. Del.); *Sciele Pharmaceuticals v. Mylan Pharmaceuticals Inc.,* C.A. No. 07-664 (D. Del.); *sanofi-aventis, et al. v. Actavis, et al.,* C.A. No. 07-572 (D. Del.); *Boehringer Ingelheim International GMBH, et al. v. Mylan Pharmaceuticals Inc., et al.,* C.A. No. 05-854 (D. Del.); and *Janssen Pharmaceutica N.V., et al. v. Mylan Pharmaceuticals Inc., et al.,* C.A. No. 05-371 (D. Del.)

**ANSWER:** Paragraph 7 contains legal conclusions to which no answer is required. To the extent an answer is required, Mylan does not contest personal jurisdiction in this judicial district for the limited purpose of this action only. Mylan admits that it asserted claims and/or

2

counterclaims in the actions listed in paragraph 7, which claims and/or counterclaims speak for themselves. Mylan denies the remaining averments of paragraph 7.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:** Paragraph 8 contains legal conclusions to which no answer is required. To the extent an answer is required, Mylan does not contest venue in this judicial district for the limited purpose of this action only. Mylan denies the remaining averments of paragraph 8.

9. Plaintiffs reallege paragraphs 1 through 8 above as if fully set forth herein.

**ANSWER:** In response to paragraph 9, Mylan incorporates its responses to paragraphs 1 to 8 above.

10. On July 23, 2002, the United States Patent and Trademark Office duly and legally issued the '340 patent, entitled "Method For The Treatment Of Inflammatory Bowel Diseases." A true and correct copy of the '340 patent is attached hereto as Exhibit A.

**ANSWER:** Mylan admits that the United States Patent and Trademark Office issued the '340 patent on July 23, 2002, that the '340 patent is entitled "Method for the treatment of inflammatory bowel diseases," and that a copy of the '340 patent was attached to the Complaint as Exhibit A. Mylan denies that the '340 patent was "duly and legally" issued. Mylan denies the remaining averments of paragraph 10.

11. Aktiebolaget Draco is the owner of the '340 patent, which discloses and claims, *inter alia,* methods for treating inflammatory bowel diseases.

**ANSWER:** Mylan admits that the disclosure and claims of the '340 patent speak for themselves. Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining averments of paragraph 11, and on that basis denies those averments.

12. KBI and KBI-E have rights in the United States under the '340 patent. AstraZeneca LP is the holder of approved New Drug Application ("NDA") 21-324 under Section 505(a) of the Federal Food, Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(a), for an oral budesonide product marketed under the trademark ENTOCORT® EC.

**ANSWER:** Mylan lacks knowledge or information sufficient to form a belief about the truth of the averments in the first sentence of paragraph 12, and on that basis denies those averments. Upon information and belief, Mylan admits the averments in the second sentence of paragraph 12.

13. The use of ENTOCORT® EC is covered by the claims of the '340 patent, and Plaintiffs have the right to enforce the '340 patent.

**ANSWER:** Paragraph 13 contains legal conclusions to which no answer is required. To the extent an answer is required, Mylan lacks knowledge or information sufficient to form a belief about the truth of the averments of paragraph 13, and thus denies all such averments.

14. Upon information and belief, Mylan submitted Abbreviated New Drug Application No. 90-410 ("Mylan ANDA") to the FDA under § 505(j) of the FFDCA, 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, offer for sale and sale of a generic version of ENTOCORT® EC before the expiration of the '340 patent.

**ANSWER:** Admitted.

15. On or about June 10, 2008, AstraZeneca received a letter dated June 9, 2008 stating that Mylan had filed the Mylan ANDA seeking approval to manufacture, use and sell a generic version of ENTOCORT® EC before the expiration of the '340 patent. The letter purports to notify AstraZeneca LP and Aktiebolaget Draco that the Mylan ANDA was submitted with a certification pursuant to Section 505(j)(2)(B)(i) of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV certification") that Mylan's manufacture, use, or sale of the Mylan ANDA product will not infringe any claims of the '340 patent, that the '340 patent is invalid, and/or that the '340 patent is unenforceable.

**ANSWER:** Admitted.

16. Defendant has infringed the '340 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of its filing the Mylan ANDA with a Paragraph IV certification and seeking FDA approval of the Mylan ANDA prior to expiration of the '340 patent.

**ANSWER:** Denied.

17. The commercial manufacture, use, sale, offer to sell, or importation of the Mylan ANDA product would infringe the '340 patent.

**ANSWER:** Denied.

18. Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the Mylan ANDA be a date that is not earlier than the expiration of the '340 patent, or any later expiration of exclusivity for the '340 patent to which Plaintiffs become entitled.

**ANSWER:** Denied.

19. Plaintiffs will be irreparably harmed if Mylan is not enjoined from infringing or actively inducing or contributing to infringement of the '340 patent. Plaintiffs do not have an adequate remedy at law.

**ANSWER:** Denied.

20. Plaintiffs reallege paragraphs 1 through 19 above as if fully set forth herein.

**ANSWER:** In response to paragraph 20, Mylan incorporates its responses to paragraphs 1 to 19 above.

21. On July 1, 1997, the United States Patent and Trademark Office duly and legally issued the '602 patent, entitled "Oral Composition For The Treatment Of Inflammatory Bowel Diseases." A true and correct copy of the '602 patent is attached hereto as Exhibit B.

**ANSWER:** Mylan admits that the United States Patent and Trademark Office issued the '602 patent on July 1, 1997, that the '602 patent is entitled "Oral composition for the treatment of inflammatory bowel disease," and that a copy of the '602 patent was attached to the Complaint as Exhibit B. Mylan denies that the '602 patent was "duly and legally" issued. Mylan denies the remaining averments of paragraph 21.

22. Aktiebolaget Draco is the owner of the '602 patent, which discloses and claims, *inter alia,* oral compositions for treating inflammatory bowel diseases.

**ANSWER:** Mylan admits that the disclosure and claims of the '602 patent speak for themselves. Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining averments of paragraph 22, and on that basis denies those averments.

23. KBI and KBI-E have rights in the United States under the '602 patent. AstraZeneca LP is the holder of approved NDA 21-324 under Section 505(a) of the FFDCA, 21 U.S.C. § 355(a), for an oral budesonide product marketed under the trademark ENTOCORT® EC.

5

**ANSWER:** Mylan lacks knowledge or information sufficient to form a belief about the truth of the averments in the first sentence of paragraph 23, and on that basis denies those averments. Upon information and belief, Mylan admits the averments in the second sentence of paragraph 23.

24. ENTOCORT® EC is covered by the claims of the '602 patent. Plaintiffs have the right to enforce the '602 patent.

**ANSWER:** Paragraph 24 contains legal conclusions to which no answer is required. To the extent an answer is required, Mylan lacks knowledge or information sufficient to form a belief about the truth of the averments of paragraph 24, and thus denies all such averments.

25. Upon information and belief, Mylan submitted the Mylan ANDA to the FDA under § 505(j) of the FFDCA, 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic version of ENTOCORT® EC before the expiration of the '602 patent.

**ANSWER:** Admitted.

26. On or about June 10, 2008, AstraZeneca received a letter dated June 9, 2008, stating that Mylan had filed the Mylan ANDA seeking approval to manufacture, use, and sell a generic version of ENTOCORT® EC before the expiration of the '602 patent. The letter purports to notify AstraZeneca LP and Aktiebolaget Draco that the Mylan ANDA was submitted with a Paragraph IV certification that Mylan's manufacture, use, or sale of the Mylan ANDA product will not infringe any claims of the '602 patent, that the '602 patent is invalid, and/or that the '602 patent is unenforceable.

**ANSWER:** Admitted.

27. Defendant has infringed the '602 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of is filing the Mylan ANDA with a Paragraph IV certification and seeking FDA approval of the Mylan ANDA prior to expiration of the '602 patent.

**ANSWER:** Denied.

28. The commercial manufacture, use, sale, offer to sell, or importation of the Mylan ANDA product would infringe the '602 patent.

**ANSWER:** Denied.

29. Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4) including an order of this Court that the effective date of the approval of the Mylan ANDA be a date that is

6

not earlier than the expiration of the '602 patent, or any later expiration of exclusivity for the '602 patent to which Plaintiffs become entitled.

**ANSWER:** Denied

30.    Plaintiffs will be irreparably harmed if Mylan is not enjoined from infringing or actively inducing or contributing to infringement of the '602 patent. Plaintiffs do not have an adequate remedy at law.

**ANSWER:** Denied.

## DEFENSES

### First Defense

The claims of the '340 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

### Second Defense

The claims of the '602 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

### Third Defense

Mylan has not directly or indirectly infringed the '340 patent.

### Fourth Defense

Mylan has not directly or indirectly infringed the '602 patent.

### Fifth Defense

Any claim of infringement of the '340 patent under the doctrine of equivalents would be limited by prosecution history estoppel.

<div align="center">**Sixth Defense**</div>

Any claim of infringement of the '602 patent under the doctrine of equivalents would be limited by prosecution history estoppel.

<div align="center">**COUNTERCLAIM**

**(Declaratory Judgment)**</div>

For its counterclaim against Plaintiffs, Mylan avers as follows:

<div align="center">**Jurisdiction**</div>

1.      This is a counterclaim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining an actual and justiciable controversy between the parties.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

<div align="center">**First Claim for Relief**</div>

2.      Plaintiffs brought an action against Mylan for alleged infringement of the '340 patent, based on the submission of ANDA No. 90-410.

3.      The claims of the '340 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

4.      Mylan has not directly or indirectly infringed the '340 patent.

5.      The manufacture, use, offer for sale, sale, or importation of the drug product that is the subject of ANDA No. 90-410 would not infringe any valid claims of the '340 patent.

6.      An actual and justiciable controversy exists between the parties with respect to validity and infringement of the '340 patent.  Mylan is entitled to a declaratory judgment that the '340 patent is invalid and not infringed.

**Second Claim for Relief**

7. Plaintiffs brought an action against Mylan for alleged infringement of the '602 patent, based on the submission of ANDA No. 90-410.

8. The claims of the '602 patent are invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

9. Mylan has not directly or indirectly infringed the '602 patent.

10. The manufacture, use, offer for sale, sale, or importation of the drug product that is the subject of ANDA No. 90-410 would not infringe any valid claims of the '602 patent.

11. An actual and justiciable controversy exists between the parties with respect to validity and infringement of the '602 patent. Mylan is entitled to a declaratory judgment that the '602 patent is invalid and not infringed.

**PRAYER FOR RELIEF**

WHEREFORE, Mylan prays for a judgment that:

A. Dismisses the Complaint with prejudice;

B. Declares that the claims of the '340 patent and '602 patent are invalid;

C. Declares that Mylan has not infringed the '340 patent or '602 patent;

D. Declares that the manufacture, use, offer for sale, sale, or importation of the drug product that is the subject of ANDA No. 90-410 would not infringe any valid claims of the '340 patent or '602 patent;

E. Awards Mylan its costs and attorneys' fees; and

F. Awards Mylan such other and further relief as the Court may deem proper.

| | |
|---|---|
| OF COUNSEL:<br><br>Ron E. Shulman<br>Terry Kearney<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>Tel: (650) 493-9300<br><br>Roger J. Chin<br>WILSON SONSINI GOODRICH & ROSATI<br>One Market Street<br>Spear Tower, Suite 3300<br>San Francisco, CA 94105<br>Tel: (415) 947-2000<br><br>Dated:  August 8, 2008<br>877556 / 33328 | POTTER ANDERSON & CORROON LLP<br><br>By: */s/ David E. Moore*<br>     Richard L. Horwitz (#2246)<br>     David E. Moore (#3983)<br>     Hercules Plaza, 6th Floor<br>     1313 North Market Street<br>     Wilmington, Delaware 19801<br>     Tel: (302) 984-6000<br>     rhorwitz@potteranderson.com<br>     dmoore@potteranderson.com<br><br>*Attorneys for Defendant*<br>*Mylan Pharmaceuticals Inc.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 8, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 8, 2008, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Jack B. Blumenfeld<br>James W. Parrett, Jr.<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com<br>jparrett@mnat.com | George F. Pappas<br>Jeffrey B. Elikan<br>Edward H. Rippey<br>Andrea G. Reister<br>Sarah J. Chickos<br>Derek J. Fahnestock<br>COVINGTON & BURLING LLP<br>1201 Pennsylvania Ave., NW<br>Washington, DC 20004<br>gpappas@cov.com<br>jelikan@cov.com<br>erippey@cov.com<br>areister@cov.com<br>schickos@cov.com<br>dfahnestock@cov.com |

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

877570 / 33328